**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLOS RAMOS SANTOS
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

BSF FRANCHISE, LLC
d/b/a BOMBAY STREET FOOD 2
524 8th Street SE
Washington, DC 20003

ASAD HASAN SHEIKH
7533 Camp Alger Avenue
Falls Church, VA 22042

      Defendants.

Civil Action No. _____

## COMPLAINT

1.    While Plaintiff worked at Defendants' Indian restaurant, Defendants paid him a flat semi-monthly salary that denied him minimum and overtime wages. Moreover, Defendants did not pay Plaintiff "split shift" wages. Finally, Defendants did not provide Plaintiff with safe and sick leave as required by DC law.

2.    Plaintiff brings this action against BSF Franchise, LLC and Asad Hasan Sheikh ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because a majority of Defendants reside

in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims oc-

curred in this district.

**Parties**

5.      Plaintiff Carlos Ramos Santos is an adult resident of the District of Columbia.

6.      Defendant BSF Franchise, LLC is a District of Columbia corporate entity. It does busi-

ness as Bombay Street Food 2. Its principal place of business is located at 524 8th Street SE,

Washington, DC 20003. Its registered agent for service of process is Asad Sheikh, 1413 Park

Road NW, Washington, DC 20010.

7.      Defendant Asad Hasan Sheikh is an adult resident of Virginia. He resides at 7533 Camp

Alger Avenue, Falls Church, VA 22042. He is an owner and member of Defendant BSF Fran-

chise, LLC. He exercises exclusive control over the operations of BSF Franchise, LLC — in-

cluding its pay practices.

**Factual Allegations**

8.      Defendants own and operate the restaurant Bombay Street Food 2, located at 524 8th

Street SE, Washington, DC 20003.

9.      Plaintiff worked at Bombay Street Food 2 from approximately July 7, 2019 through ap-

proximately March 20, 2020.

10.     Plaintiff worked at Bombay Street Food 2 as a kitchen laborer.

11.     Plaintiff's job duties at Bombay Street Food 2 primarily consisted of washing dishes, pre-

paring food, and cleaning his workstation at the end of each shift.

12.     Plaintiff typically and customarily worked six days per week.

13.     Plaintiff typically and customarily worked fifty-eight hours per week.

14.     Plaintiff typically and customarily worked the following schedule:

| | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | 11:00 a.m. | 10:00 p.m. | 1.5 | 9.5 |
| Tuesday | 11:00 a.m. | 10:00 p.m. | 1.5 | 9.5 |
| Wednesday | *Off* | | | |
| Thursday | 11:00 a.m. | 10:00 p.m. | 1.5 | 9.5 |
| Friday | 11:00 a.m. | 10:30 p.m. | 1.5 | 10.0 |
| Saturday | 11:00 a.m. | 10:30 p.m. | 1.5 | 10.0 |
| Sunday | 11:00 a.m. | 10:00 p.m. | 1.5 | 9.5 |
| | | | | **58.0 hours total** |

15.     At all relevant times, Defendants paid Plaintiff a semimonthly salary.

16.     Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Jul. 07, 2019–Oct. 13, 2019 | $1,300.00 | $10.34 |
| Oct. 14, 2019–Mar. 20, 2020 | $1,400.00 | $11.14 |

17.     At all relevant times, Defendants paid Plaintiff by check, with no accompanying paystub.

18.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19.     At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

20.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

21.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

22.     D.C. law requires that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

23.     Plaintiff always worked both lunch and dinner shifts on the same day.

24.     Defendants often required Plaintiff to take a lunch break in excess of one hour between

his shifts.

25.     At all relevant times, Defendants were required to pay Plaintiff for one additional hour at

the applicable minimum wage for each day he worked such a "split shift." *See* 7 DCMR §§

906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996).

26.     Defendants never paid Plaintiff extra compensation for a "split shift".

27.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants

owe him approximately $14,554.40 in minimum, overtime, and "split shift" wages (excluding

liquidated damages).

28.     Finally, Defendants never provided Plaintiff with paid leave as required by the ASSLA.

D.C. Code § 32-531.02.

29.     Defendants should have provided Plaintiff with three days of paid leave in 2019.

30.     Defendants owe Plaintiff $1,500.00 — $500.00 of statutory damages for each accrued

day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that

day. D.C. Code § 32-531.12(b).

31.     Defendant Asad Hasan Sheikh participated in the decision to set the restaurant's hours of

operation.

32.     Defendant Asad Hasan Sheikh participated in the decision to pay Plaintiff a semi-

monthly salary.

33.     Defendant Asad Hasan Sheikh participated in the decision to set Plaintiff's rate of com-

pensation.

34.     Defendant Asad Hasan Sheikh often signed Plaintiff's paychecks.

35.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

36.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

37.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

38.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

39.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

40.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

41.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff "split shift" wages.

42.     At all relevant times, Defendants were aware that they were legally required to provide Plaintiff with paid safe and sick leave.

43.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

44.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

45.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

46.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

48.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

49.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

50.     Defendants' violations of the FLSA were willful.

51.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

52.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

54.     The DCMWA requires that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

55.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

56.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

57.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

58.     Defendants also violated the DCMWA by knowingly failing to pay Plaintiff one additional hour at the applicable minimum wage for days when he worked a "split shift".

59.     Defendants' violations of the DCMWA were willful.

60.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

61.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

62.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

63.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

64.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

65.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

66.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum, overtime, and "split shift" wages.

67.     Defendants' violations of the DCWPCL were willful.

68.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

69.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

70.     Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-531.01.

71.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

72.     Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

73.     For Defendants' violations of the ASSLA, Defendants also owe Plaintiff $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

74.     For Defendants' violations of the ASSLA, Defendants are liable statutory damages, punitive damages, Plaintiff's reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against De-fendants, jointly and severally, on all counts, in the current total amount of **$63,493.80**, and grant the following relief:

a.      Award Plaintiff $58,217.60, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pur-suant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid D.C. minimum, overtime, and "split shift" wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff $1,500.00, consisting of $500.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

c.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix ap-proved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,376.20);

e.      Award Plaintiff court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: July 9, 2020                            Respectfully submitted,

                                              /s/ Justin Zelikovitz
                                              JUSTIN ZELIKOVITZ, #986001
                                              DCWAGELAW
                                              519 H Street NW
                                              Washington, DC 20001
                                              Phone: (202) 803-6083
                                              Fax: (202) 683-6102
                                              justin@dcwagelaw.com

                                              *Counsel for Plaintiff*